**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

**No. 17-6525**

_____

ANGIE BROWN,

        Plaintiff - Appellant,

     v.

VIRGINIA BEACH SHERIFF'S OFFICE,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony J. Trenga, District Judge.  (1:17-cv-00048-AJT-IDD)

_____

Submitted:  August 17, 2017               Decided:  August 31, 2017

_____

Before KING, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Angie Brown, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Virginia inmate Angie Brown appeals the district court's order dismissing her 42 U.S.C. § 1983 (2012) action against the Virginia Beach Sheriff's Office (VBSO) and two of its employees. For the reasons that follow, we affirm in part, vacate in part, and remand with instructions.

Brown alleged that Defendants Caldwell and Anderson retaliated against her for filing grievances against them. To state a First Amendment retaliation claim, a plaintiff must show: "(1) his speech was protected, (2) the alleged retaliatory action adversely affected his protected speech, and (3) a causal relationship between the protected speech and the retaliation." *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015). "[F]or purposes of a First Amendment retaliation claim under § 1983, a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) (internal quotation marks omitted).

Relying on *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994), the district court ruled that there was no constitutional right to be free of retaliation for filing prison grievances. After the district court dismissed Brown's action, this court decided *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533 (4th Cir. 2017), in which we noted that, although "*Adams* concerns whether inmates have a constitutional entitlement to or liberty interest in accessing grievance procedures[, it] says nothing about whether a prison official violates an inmate's First Amendment rights by retaliating against the inmate for submitting a

2

grievance." *Id.* at 542. We held that an inmate possesses the right to be free from retaliation for filing grievances, and that this right has been clearly established since at least 2010. *Id.* at 546-47. Accordingly, we vacate the district court's dismissal of Brown's claims that Caldwell and Anderson retaliated against her for filing a grievance.

In a related claim, Brown contended that Caldwell refused to accept a grievance. Unlike Brown's retaliation claims, this claim concerns access to grievance procedures which, as noted above, is not constitutionally protected. Thus, we affirm the district court's dismissal of this claim based on *Adams*. Additionally, we affirm the district court's dismissal of Brown's claims against the VBSO because, as the district court correctly noted, state entities like the VBSO are not "persons" under § 1983, and therefore do not qualify as proper defendants in a civil rights action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Accordingly, we vacate the district court's ruling on Brown's retaliation claims against Caldwell and Anderson and remand to the district court. We affirm as to all other claims. Additionally, we note that the district court docket does not include Caldwell and Anderson as Defendants, even though they were identified as such in the complaint, so we instruct that they be added as Defendants on remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

3